a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **EMMANUEL PHILIPPE** #A098395636/24756-052, Plaintiff | **CIVIL DOCKET NO. 1:25-CV-00026 SEC P** |
| VERSUS | JUDGE EDWARDS |
| SHAD RICE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion filed by pro se Plaintiff Emmanuel Philippe ("Philippe") seeking a temporary restraining order ("TRO"). ECF No. 12. Philippe is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana, who filed a Complaint alleging the violation of his constitutional rights. ECF No. 7.

Because Philippe does not establish that he is entitled to emergency injunctive relief, his Motion should be DENIED.

I.   Background

Philippe alleges that Defendants are "thieves and corrupt criminals" who have been stealing money from him and depriving him of his property since arriving at the Central Louisiana ICE Processing Center. ECF No. 12 at 1. He claims that Defendants stole $22,500 cash during an unlawful search of his property and embezzled money from his prison account. *Id.*

Philippe also complains that a nurse rounds between four and five o'clock in the morning daily, depriving him of his "8 hour sleep." *Id.* at 3. He also alleges that Defendants took his plastic spoon and replaced it with a paper spoon; denied him impartial disciplinary hearings; issued frivolous incident reports; took his wheelchair; tampered with his mail; denied him access to the law library; retaliated against him; forged his signature; and placed him in segregation without cause. *Id.* at 2-3.

II. Law and Analysis

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a TRO is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo"). And the primary purpose of a preliminary injunction is "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Shakouri v. Raines*, 11-CV-00126, 2012 WL 12872434, at *2 (W.D. Tex. 2012) (quoting *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

To obtain a preliminary injunction or TRO, a movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable

injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted).

Philippe has presented no allegations of a substantial threat of irreparable injury, loss, or damage. Therefore, he is not entitled to a TRO. His case is under initial review pursuant to 28 U.S.C. § 1915 and § 1915A, and his claims will be addressed in due course.

III.  Conclusion

Because Philippe is not entitled to emergency injunctive relief, IT IS RECOMMENDED that his Motion (ECF No. 12) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 24, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE